UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENIFER M. FISHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>　　　　　Defendant. | CASE NO. 2:15-CV-00215-JLR-DWC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: December 4, 2015 |

　　　　The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits.

　　　　After reviewing the record, the Court concludes the ALJ erred in giving little weight to the April 2013 opinion of treating physician Dr. Wynne Chen, M.D. Had the ALJ fully credited the opinion of Dr. Chen, the residual functional capacity may have included additional limitations. The ALJ's error is therefore not harmless and the Court recommends this matter be

reversed and remanded pursuant to sentence four of 42 U.S.C. §405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

On July 23, 2011, Plaintiff filed an application for disability insurance benefits alleging disability as of December 1, 2010. *See* Dkt. 10, Administrative Record ("AR") 16. The application was denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before Administrative Law Judge ("ALJ") Ruperta M. Alexis on April 11, 2013. *See* AR 34-71. In a decision dated July 26, 2013, the ALJ determined Plaintiff to be not disabled. *See* AR 16-29. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff maintains the ALJ erred by: (1) failing to properly consider the opinion evidence of Plaintiff's treating physician; (2) finding Plaintiff disabled through April 25, 2012, but finding medical improvement occurred on April 26, 2012, rendering Plaintiff no longer disabled; and (3) failing to provide clear and convincing reasons supported by substantial evidence to support finding Plaintiff lacked credibility. Dkt. 12, pp. 1-2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Whether the ALJ erred in failing to properly consider the opinion of Plaintiff's treating physician.**

Plaintiff asserts the ALJ failed to provide specific and legitimate reasons for giving little weight to treating pulmonologist Dr. Wynne Chen, M.D.'s opinion that Plaintiff's reported hour long use of a nebulizer each time she administered her asthma medication was reasonable. Dkt. 12, pp. 3-7; AR 737. Defendant does not dispute the ALJ failed to provide specific and legitimate reasons for assigning little weight to Dr. Chen's opinion regarding the length of time needed to use a nebulizer. *See* Dkt. 13, pp. 2-3, 7-9.[1] Defendant, however, asserts any error in "discounting testimony concerning the amount of time it takes Plaintiff to use a nebulizer" was harmless. Dkt. 13, p. 3, n. 1.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Defendant maintains the ALJ's error is harmless because the testimony of vocational expert (VE) Michael Swanson showed Plaintiff could work a full eight-hour day even with an

---

[1] The Court reviewed the record and also concludes the ALJ erred in giving little weight to Dr. Chen's opinion regarding the length of time needed for Plaintiff to administer her asthma medication. The ALJ's decision was based on her personal opinion and not supported by the record.

hour long break. Dkt. 13, pp. 2-3. After posing a hypothetical question related to Plaintiff's residual functional capacity (RFC), the ALJ asked the VE,

> So if this individual in addition had to take every five hours within a workday, so that would be at least once during the course of the typical workday, I guess, she had to take an unscheduled break in order to administer treatment, and this treatment lasts from between 30 minutes and 60 minutes, what impact would that have?

AR 67-68. The VE responded,

> Well, throughout an eight-hour day it's not uncommon for a person to have that much time off away from their work, but I think it would be problematic if the person needed to take an entire 60 minutes in one chunk that was over and above, say, the normal work breaks. So if you had a lunch break halfway through in the administration of that, medical assistance could be done at that point, it would probably not impact at all. If it was sort of outside of that scope then it would interfere.

AR 68.

Contrary to the hypothetical question, the evidence shows Plaintiff requires a 60 minute break every four hours, not a break lasting between 30 and 60 minutes every five hours. *See* AR 27, 711-12, 737. The ALJ's hypothetical question also stated the break would be unscheduled. AR 67. However, the VE accounts for only a scheduled break taken near lunch. *See* AR 68. The VE's testimony does not accurately account for Plaintiff's nebulizer use and is therefore not sufficient to show Plaintiff is capable of working an eight-hour day despite the ALJ's failure to properly consider Dr. Chen's opinion.

Had the ALJ properly considered the opinion of Dr. Chen, she may have included additional limitations in the RFC and in the hypothetical questions posed to the VE regarding Plaintiff's need to take an hour break every four hours to administer asthma medication. As the ultimate disability determination may change based on this limitation, the ALJ's error is not harmless.

**(2) Whether substantial evidence supports the ALJ finding Plaintiff's disability ended on April 25, 2012 due to medical improvement.**

Plaintiff maintains the ALJ erred in finding Plaintiff no longer disabled after April 25, 2012 because she experienced medical improvement. Dkt. 12, pp. 7-11. Plaintiff argues her medical impairments of asthma and sinusitis continue to render her disabled. *Id.* The Court finds the ALJ failed to give specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Chen's opinion regarding the length of time needed for Plaintiff to administer her asthma medication and, as a result, the ultimate disability determination was not based on a proper assessment of all the medical evidence. *See supra* Section (1). On remand, after reevaluating Dr. Chen's April 2013 opinion, the ALJ must determine Plaintiff's RFC anew and determine if Plaintiff was disabled from the alleged onset date through her date last insured based on a proper evaluation of all the medical evidence.

**(3) Whether the ALJ erred by failing provide clear and convincing reasons supported by the record to find Plaintiff lacked credibility.**

Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's account of her symptoms. Dkt. 12, pp. 11-13. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (*quoting Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. "In weighing a claimant's credibility, the ALJ may consider [her] reputation for truthfulness, inconsistencies either in [her] testimony or between [her] testimony and [her] conduct, [her] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the

symptoms of which [she] complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ found Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms to be not entirely credible, and provided clear and convincing reasons in support. *See* AR 25-26. The ALJ reasonably considered: (1) medical evidence contradicting and/or failing to support Plaintiff's complaints regarding her degree of limitation, *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (*citing Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)); (2) treatment records showing Plaintiff's impairments improved with treatment beginning in 2012, *Moungchanh v. Colvin*, 2015 WL 4494999, *5 (W.D. Wash. July 23, 2015) (finding "improvement with treatment is properly considered as evidence of persistence and intensity of symptoms, including pain")(*citing* 20 C.F.R. §§ 404.1529(c)(3)(iv), (v), 416.929(c)(3)(iv)(v); and (3) Plaintiff's activities of daily living which, contrary to Plaintiff's testimony, suggest her concentration is not dramatically affected by her symptoms, *see Molina*, 674 F.3d at 1113 ("Even where those [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). AR 25-26.

The ALJ also found Plaintiff lacked credibility because the treatment records do not support Plaintiff's "contention that it takes her 60 minutes to complete a home nebulizer treatment[.]" AR 26. The ALJ stated it "would not be expected to take 60 minutes" to use the nebulizer, and "[i]f it does take that long, [Plaintiff] needs to get a better nebulizer." *Id.* The ALJ failed to cite any evidence to support her assertion and based her finding on her personal opinion, which is error. *See* AR 26, 737; *DeBerry v. Commissioner of Social Security*, 352 Fed. Appx.

173, 176 (9th Cir. 2009) (finding the ALJ's use of his personal conclusion to discredit a doctor to be error). Therefore, the ALJ did not provide proper reasons for discrediting Plaintiff's testimony regarding the length of time it takes her to complete a home nebulizer treatment.

If the overall credibility finding is supported by substantial evidence in the record, the ALJ's determination is not invalid simply because one reason for discounting Plaintiff's credibility was improper. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ gave three valid reasons for finding Plaintiff lacked credibility. *See* AR 25-26. Accordingly, the ALJ's overall credibility decision is supported by substantial evidence in the record. On remand, the ALJ need only reconsider Plaintiff's credibility as necessitated by further consideration of Dr. Chen's medical opinion evidence.

**(4) Whether the case should be remanded for an award of benefits.**

Plaintiff asserts this case should be remanded for an immediate award of benefits. Dkt. 12, pp. 13-14. The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding

issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Issues must be resolved concerning Plaintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the above stated reasons and the relevant record, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. The undersigned recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 4, 2015, as noted in the caption.

Dated this 17th day of November, 2015.

David W. Christel
United States Magistrate Judge